USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 8 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

BRANDON HONG,

                              Plaintiff,

              -against-

CAPTAIN LIBURD, *Shield No. 1157*, C.O. TROCCHIA,
*Shield No. 10734*, C.O. PARKER, CAPTAIN DESIR,
CAPTAIN PICHARDO, and ASSISTANT DEPUTY
WARDEN MITCHELL,

                              Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 7201 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Brandon Hong brings this action against multiple corrections officers and officials, pursuant to 42 U.S.C. § 1983, alleging that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by taking no action as another inmate threw feces and other substances at Plaintiff and other inmates. (Compl., ECF No. 2, at 4–5.) Plaintiff claims he suffered rashes that developed into open wounds and seeks $300,000 in compensatory damages. (*Id.*) Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's complaint. (Notice of Mot. for Summ. J., ECF No. 51.)

Before this Court is Magistrate Judge Robert W. Lehrburger's August 3, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion for summary judgment be granted. (Report, ECF No. 70, at 1.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 28.) Plaintiff filed timely objections,[1] to which Defendants responded. (*See* Obj.

---

[1] Plaintiff's objections were dated August 16, 2020 and postmarked August 17, 2020.

to Report and Recommendation ("Pl.'s Obj."), ECF No. 71; Letter dated August 31, 2020 ("Defs.' Reply"), ECF No. 72.) Having reviewed the Report, as well as Plaintiff's objections and Defendants' response to those objections, this Court adopts the Report and overrules the objections. Defendants' motion for summary judgment is GRANTED.

## I. FACTUAL BACKGROUND[2]

At all relevant times, Plaintiff was a pretrial detainee incarcerated at the Manhattan Detention Complex ("MDC") operated by the New York City Department of Correction ("DOC"). (Report at 2.) Plaintiff was assigned to a housing area where inmates are required to be locked into their cells at night, beginning at 9:00 p.m. (*Id.*)

On July 18, 2018, at roughly 11:00 p.m., Defendant Correction Captain Verna Liburd conducted a tour of Plaintiff's housing area, at the direction of Defendant Assistant Deputy Warden ("ADW") Lee Mitchell. (*Id.*) Captain Liburd ensured that correction staff were on duty and instructed inmates to lock into their cells. (*Id.*) At approximately 11:20 p.m., Defendant Correction Officer Nicholas Trocchia arrived at his post in Plaintiff's housing area. (*Id.*) Upon his arrival, inmate Rashaun Bullock threatened to throw feces and unknown liquid substances at

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein. (Report at 2–10.) In determining the facts relevant to this motion, Magistrate Judge Lehrburger appropriately relied on Defendants' Rule 56.1 statement and supporting affidavits. (*Id.* at 2 n.1.) Plaintiff did not submit a Rule 56.1 counterstatement or directly object to Defendants' statement. (*Id.* at 11.) Nevertheless, Magistrate Judge Lehrburger credited Plaintiff's factual assertions in Plaintiff's unsworn notarized opposition to Defendants' motion "to the extent they are based on personal knowledge and not unduly speculative." (*Id.*) Further, mindful of the special solicitude afforded *pro se* litigants, Magistrate Judge Lehrburger conducted his own "assiduous" review of the record and drew all reasonable inferences and resolved all ambiguities in Plaintiff's favor. (*Id.* at 2 n.1, 11.) Plaintiff now requests the opportunity to file a Rule 56.1 counterstatement, claiming that he did not understand the procedures associated with Local Rule 56.1. (Pl.'s Obj. at 2.) *Pro se* litigants, however, are "not excused from meeting the requirements of Local Rule 56.1" when the party seeking summary judgment notifies the *pro se* litigant of the demands of Rule 56 and Local Rule 56.1. *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009). Plaintiff was served with the requisite notice, (Report at 11), and did not raise any questions or concerns with Magistrate Judge Lehrburger. Plaintiff's belated request to file a Rule 56.1 counterstatement is denied.

Officer Trocchia and proceeded to do so. (*Id.* at 2–3.) Officer Trocchia immediately contacted the Area Captain, Defendant Mallory Desir, who assigned Defendant Correction Officer James Parker to replace Officer Trocchia. (*Id.* at 3.) At about 11:45 p.m., Officer Parker noticed four inmates out of their cells, including Plaintiff and Bullock. (*Id.*) Officer Parker allegedly ordered the inmates to lock into their cells, but they did not comply.[3] (*Id.*) Bullock, instead, threatened to throw feces and unknown liquid substances at Officer Parker. (*Id.*) At approximately 12:00 a.m., Bullock, true to his word, carried out his threat. (*Id.*) Officer Parker alerted the area supervisor and positioned himself nearby, but outside the housing area. (*Id.* at 3–4.) Around 1:30 a.m., Officer Parker was relieved by another officer, who also notified the area supervisor that Bullock was continuing to throw feces. (*Id.* at 4.) At roughly 2:30 a.m., Captain Desir arrived at the housing area and observed multiple inmates throwing feces and unknown liquid substances at each other. (*Id.*) Captain Desir repeatedly ordered the inmates to stop throwing feces and attempted to deescalate the situation. (*Id.*) Around 3:10 a.m., Captain Desir advised ADW Mitchell that a probe team (i.e., an emergency response team) was needed to quell the situation. (*Id.*) ADW Mitchell alerted DOC staff and called for a probe team. (*Id.*) The probe team, led by Defendant Correction Captain Jose Pichardo, gathered in the designated staging area, donned specialized hazardous material gear, and proceeded to the housing area. (*Id.* at 4–5.) At approximately 3:30 a.m., the probe team arrived at the housing area and directed all inmates to lock into their cells. (*Id.* at 5.) The inmates complied and the area was cleaned and sanitized later that morning.[4] (*Id.*)

---

[3] Plaintiff, however, contends that he was never told to lock into his cell until the end of the evening's events. (*Id.* at 3 n.2.)

[4] In his opposition to Defendants' motion for summary judgment, Plaintiff requested camera footage from DOC that would "contradict all the evidence presented against [his] claim, especially allegations of a sanitation crew arriving the next day." (Report at 26.) He further asserted that such footage would show "animalistic standards of sanitation and serving of food while feces were still on every surface." (*Id.*) Magistrate Judge Lehrburger appropriately rejected Plaintiff's request, because the complaint makes no

3

During the incident, Plaintiff was hit multiple times with feces and unknown liquid substances. (*Id.*) Shortly thereafter, he complained of rashes that developed into open wounds. (*Id.*) On July 22, 2018, he was seen at the MDC medical clinic for a rash on his back and right forearm and prescribed hydrocortisone cream. (*Id.*)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS),

---

allegation about Defendants' failure to timely clean the housing area or any lasting unsanitary conditions and Defendants already produced footage of a sanitation crew cleaning the area. (*Id.* at 27.) Moreover, Magistrate Judge Lehrburger correctly noted that discovery has been closed for a lengthy period of time and Plaintiff's assertions regarding possible additional footage are entirely speculative. (*Id.*)

4

2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's

favor. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## III.    DEFENDANTS ARE GRANTED SUMMARY JUDGMENT

As an initial matter, Magistrate Judge Lehrburger appropriately construed Plaintiff's claim as one for deliberate indifference to safety and unconstitutional conditions of confinement, and determined that Plaintiff's claim arises under the Fourteenth Amendment, as opposed to the Eighth Amendment, because he was a pretrial detainee at the time in question.[5] (Report at 12.)

To succeed on a claim of deliberate indifference, a plaintiff must prove conditions that "objectively pose an unreasonable risk of serious damage to health" and that the "defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Vega v. Semple*, 963 F.3d 259, 274 (2d Cir. 2020). Additionally, the plaintiff must prove that the defendant's actions were the proximate cause of the deprivation of the plaintiff's constitutional rights. *See Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998)

---

[5] Plaintiff now contends that he was not only raising a deliberate indifference claim and asks to amend his complaint to add further claims. (Pl.'s Obj. at 2–3.) Federal Rule of Civil Procedure 15(a) provides that a district court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has consistently held that if a liberal reading of a *pro se* litigant's complaint "gives any indication that a valid claim might be stated," a court should afford the litigant at least one opportunity to amend his claims. *Shelton v. Trs. of Columbia Univ.*, 236 F. App'x 648, 649–50 (2d Cir. 2007) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). This Court, however, sees no avenue for Plaintiff to save his complaint and Plaintiff offers no suggestion of a claim that would do so. Plaintiff's request to amend his complaint is denied.

6

("[I]n all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury.").

Here, the Report concluded that the undisputed facts demonstrate that Plaintiff cannot establish a substantial risk of serious harm, deliberate indifference by prison officials, and causation.[6] (Report at 13.) Magistrate Judge Lehrburger recognized that subjecting an inmate to human waste may give rise to a substantial risk of serious harm. (*Id.* at 15.) However, Magistrate Judge Lehrburger importantly noted that Plaintiff was never forcefully exposed to feces. (*Id.*) Plaintiff's cell was completely enclosed. (*Id.* at 5.) Accordingly, Plaintiff could have simply retreated to his cell, as was also required by prison rules, and been completely protected from any thrown substances. (*Id.* at 15.) Because Plaintiff could have removed himself from harm's way, Magistrate Judge Lehrburger concluded that there was no substantial risk of serious harm. (*Id.*) Moreover, Magistrate Judge Lehrburger found that Defendants did not intentionally expose Plaintiff to fecal matter or recklessly fail to act to mitigate Plaintiff's exposure. (*Id.* at 16.) To the contrary, Defendants took affirmative steps to stop the inmates from continuing to throw feces. (*Id.* at 16–17.) In addition, no reasonable juror could conclude that Defendants were deliberately indifferent when protecting themselves by standing out of reach, particularly when the inmates were able to do the same. (*Id.* at 17.) And because Plaintiff disregarded his own safety by not returning to his cell, Magistrate Judge Lehrburger found that Plaintiff's failure to do so was the

---

[6] The Report also concluded that the Prison Litigation Reform Act bars Plaintiff from obtaining compensatory damages, because his physical injuries were *de minimis*. (Report at 24–26.) Plaintiff objects to this finding, but in a conclusory fashion. (*See* Pl.'s Obj. at 2.) Magistrate Judge Lehrburger further determined that ADW Mitchell and Captain Pichardo are entitled to summary judgment because they were not personally involved in Plaintiff's alleged constitutional deprivations. (Report at 22–23.) Plaintiff also objects to this finding, claiming that ADW Mitchell was present and that camera footage will prove this. (Pl.'s Obj. at 2.) Plaintiff further contends that ADW Mitchell and Captain Pichardo can be held liable for not correcting the actions of subordinates. (*Id.*) This Court need not decide this issue, because there is a sufficient independent basis to grant summary judgment for all Defendants.

superseding cause of his injuries. (*Id.* at 19.) Accordingly, Magistrate Judge Lehrburger determined that Defendants' actions were not the proximate cause of Plaintiff's exposure to unsanitary substances. (*Id.*)

Plaintiff objects to the Report's findings. Specifically, Plaintiff argues that (1) exposure to fecal matter could have caused him to contract diseases or get extremely sick, (2) he had a clear established right to be protected from cruel and unusual punishment in jail, and (3) Defendants must have known that exposure to such conditions was dangerous. (Pl.'s Obj. at 1.) Such assertions are not aimed at particular findings made in the Report. Moreover, they are conclusory and recycle arguments previously made to Magistrate Judge Lehrburger. This Court, therefore, reviews Magistrate Judge Lehrburger's findings for clear error and finds none.[7]

## IV. CONCLUSION

Defendants' motion for summary judgment, (ECF No. 51), is GRANTED.[8] The complaint is dismissed in its entirety with prejudice.

---

[7] The Report also correctly found that Defendants are at least entitled to qualified immunity, because it was objectively reasonable for Defendants to believe they were not acting with deliberate indifference. (Report at 20–21.) Specifically, Magistrate Judge Lehrburger found that "[n]o reasonable officer in that situation would risk placing himself in the 'zone of danger,' particularly when other inmates could easily protect themselves by retreating to their cells." (*Id.* at 21.) Plaintiff objects to this conclusion, but in a conclusory fashion. (*See* Pl.'s Obj. at 2.)

[8] Plaintiff requests that he be appointed counsel to assist with prosecution of his case. "Pursuant to 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for 'any person unable to afford counsel.'" *Alvarez v. Wright*, 797 F. App'x 576, 578 (2d Cir. 2019). "As a threshold requirement for appointment of counsel, the case must have some 'likelihood of merit.'" *Id.* (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–74 (2d Cir. 1989) (per curiam)). For the reasons discussed herein, Plaintiff's case fails to offer any suggestion of merit. His request for appointment of counsel at this late stage is denied.

8

The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
      March 18, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

9